IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: MICHAEL JACKSON BEATTIE,

                                    Petitioner.

Miscellaneous Number
3:06MC002-JRS

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on MICHAEL JACKSON BEATTIE's Petition for Reinstatement to practice law before this Court, filed pursuant to Federal Rule of Disciplinary Enforcement VII. For the reasons stated herein, Beattie's Petition for Reinstatement is hereby DENIED.

## I.   BACKGROUND

Beattie was suspended indefinitely from the practice of law in the United States District Court for the Eastern District of Virginia on August 15, 2003. The following summary details the facts and circumstances surrounding Beattie's suspension, his disciplinary proceedings before the Virginia State Bar Disciplinary Board, and the filing of the instant Petition.

**A.   Proceedings in this Court**

On or about September 5, 2002, Beattie, an attorney specializing in employment discrimination litigation, filed a law suit in this Court's Newport News Division on behalf of Joyce Spangler. The Complaint named Colonial Ophthalmology ("Colonial") as the defendant. Colonial hired legal counsel, Ray Hogge, to defend the suit. On September 27, 2002, Hogge called Beattie's office and left a voice message with his name and telephone number, along with his client's name. Hogge wrote Beattie a letter on September 30, 2002, confirming the information previously left in the voice message and offering to waive service of process. Over one month later, on November 4, 2002, Hogge left a second

voice message at Beattie's office, requesting an extension of time for answering the Complaint and asking if Plaintiff had a settlement demand. Beattie did not respond to any of the three communications.

On November 7, 2002, Beattie moved for default judgment in light of Colonial's failure to timely file an answer or any responsive pleadings. In the Certificate of Service included with his Motion for Default Judgment, Beattie stated that "[a] copy ha[d] not been sent to opposing counsel because no attorney ha[d] entered an appearance in this case." At the hearing held on November 18, 2002, United States District Judge Rebecca Beach Smith asked Beattie about any contact he might have had with defense counsel and whether Beattie knew if Colonial had legal representation. In response, Beattie explained to the Court that he had received two voice messages from an attorney on the case but did not know who the attorney was. Beattie further stated that the most recent voice message was left approximately four weeks before the hearing. The Court made sure to warn Beattie of the possible consequences involved if defense counsel had, indeed, made efforts to contact Beattie.

On December 18, 2002, the Court granted the Motion for Default Judgment and entered judgment against Colonial, awarding Spangler $37,639.82 in damages, covering back and front pay, attorneys' fees, and costs. On December 23, 2002, Hogge sent a fax to Beattie, asking him to sign an agreed order that would set aside the default judgment. In a letter dated December 26, 2002, Beattie responded by refusing to sign the proposed order, offering Hogge legal practice tips, and warning Hogge to abstain from filing a motion to set aside the default judgment. Notwithstanding Beattie's admonition, Colonial, through Hogge, filed its Motion for Relief from Default Judgment on January 17, 2003.

Before a hearing date had been selected for the Motion for Relief from Default Judgment, Colonial, through new counsel, filed a Motion for Sanctions. When contacted by the Court with possible hearing dates for the two Motions, Beattie chose May 21, 2003. Without advising the Court

beforehand of any excuse or explanation for his inability to attend, Beattie failed to appear for the hearing on May 21, 2003. The Court ordered Beattie to appear on July 2, 2003, to show cause why he should not be held in contempt and why a complaint should not be made to the Virginia State Bar. The Court also rescheduled the hearing on the Motions for Sanctions and Relief from Default Judgment to July 2, 2003. On May 23, 2003, Beattie submitted a letter to the Court indicating that he was unable to attend the May 21, 2003, hearing, because he had to make in appearance before United States District Judge Gerald Bruce Lee that same day in Alexandria, Virginia.

The Court heard arguments from Beattie and new defense counsel on July 2, 2003. On August 13, 2003, the Court entered an Order vacating the default judgment, indefinitely suspending Beattie from practicing in this Court, and directing Beattie to pay Colonial $5,000.00 as a partial award of attorneys' fees within thirty (30) days of the date of the Order. The Court concluded that Beattie's misrepresentation of material facts amounted to fraud upon the Court and Defendant. Consequently, the Court advised Beattie that the matter would be referred to the Virginia State Bar for possible disciplinary proceedings.

Beattie failed to pay the sanctions amount as ordered and was directed to appear before United States District Judge Robert G. Doumar on March 10, 2004. At the end of the hearing, the Court held Beattie in contempt for his conduct and for statements made to the Court, including Beattie's suggestion that Judge Doumar enroll in anger management classes. At some point subsequent to the hearing before Judge Doumar, Beattie completely paid the total amount of his sanctions.

**B.  Proceedings Before the Virginia State Bar Disciplinary Board**

After charges of Beattie's misconduct were referred to the Virginia State Bar, the matter came before a Second District—Section II Subcommittee panel (the "Subcommittee Panel") on June 9, 2004.

The Subcommittee Panel found that Beattie's conduct violated Rules 3.3 ("Candor Toward the Tribunal"), 3.5 ("[Disruption of the] . . . Decorum of the Tribunal"), and 8.4 ("Misconduct") of the Virginia Rules of Professional Conduct and certified the charges to the Virginia State Bar Disciplinary Board (the "Disciplinary Board") on August 16, 2005.

Prior to a hearing before the Disciplinary Board, Beattie, through his attorney, Stephen R. Pickard, entered into an Agreed Disposition with Assistant Bar Counsel Paul D. Georgiadis. The Agreed Disposition proposed that Beattie's license to practice law in the Commonwealth of Virginia be suspended for a period of sixty (60) days. This disposition took into account mitigating evidence suggesting that Beattie suffered from an impairment that affected his judgment and ability to understand the significance of the proceedings in this Court.

On August 24, 2005, the matter was presented to the Disciplinary Board via teleconference, and a panel of Disciplinary Board members considered the Agreed Disposition. The Disciplinary Board adopted the Subcommittee Panel's findings and concluded that Beattie had violated Virginia Rules of Professional Conduct 3.3, 3.5, and 8.4. As mitigation, the Disciplinary Board agreed that Beattie was suffering from one or more impairments during the relevant time period. The Disciplinary Board noted that Beattie had since made changes to his lifestyle and sought appropriate professional treatment. On August 26, 2005, the Disciplinary Board entered an Order of Suspension of 60 Days, effective August 24, 2005.

**C.  Petition for Reinstatement**

On December 7, 2005, Beattie filed the instant Petition for Reinstatement with the Chief Judge of this Court, pursuant to Federal Rule of Disciplinary Enforcement VII. Chief United States District Judge James R. Spencer promptly scheduled the matter for a hearing before a three-judge panel and

appointed Howard C. Vick, Jr., Esquire, as counsel for this Court. On April 21, 2006, the parties appeared before Chief Judge Spencer, Senior United States District Judge James C. Cacheris, and United States District Judge Jerome B. Friedman (collectively "the Panel"). The parties presented numerous stipulations of fact and exhibits, and Beattie provided extensive testimony under direct and cross examination.

## II. DISCUSSION

A suspended attorney petitioning for reinstatement in this Court "ha[s] the burden of demonstrating by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to practice law before this Court." Fed. R. Disciplinary Enforcement VII(C). The petitioner must also demonstrate that "his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest." Id.

In support of the instant Petition, Beattie submitted several letters written by medical professionals and other individuals who know Beattie on personal or professional levels. It should be noted at the outset that the Panel is encouraged by Beattie's apparent efforts to deal with his emotional and professional problems. Beattie's participation in the Lawyers Helping Lawyers program is one example of his willingness to seek assistance. Also encouraging are the letters submitted by Beattie's psychiatrist and psychotherapist attesting to Beattie's improvement. Dr. Debby Linde describes Beattie's unwavering commitment to his psychiatric treatment and his compliance with his medication regimen. Dr. Suzan Arce reports that Beattie has been a motivated participant in psychotherapy and is actively and sincerely working to resolve his mental health and behavioral issues. Finally, Dr. Martin Buxton explains that his psychiatric evaluation of Beattie leads him to conclude that, when diligent,

Beattie is able to responsibly manage his life and control his mental illness. These letters tend to show that Beattie's earlier behavior before this Court was a direct result of one or more emotional disorders that were not properly treated between May 2003 and March 2004.

Notwithstanding these positive indicators, Beattie's testimony before the Panel casts doubt on his present capacity to fulfill his duties of competence and candor in practicing law before this Court. With respect to competence, the Panel cannot take any level of comfort in Beattie's contention that his ability to practice law competently is largely dependent upon the advice and guidance of his two inexperienced associates. Such reliance is hardly consistent with possessing "the legal knowledge, skill, thoroughness and preparation reasonably necessary for . . . [legal] representation." Va. R. Prof'l Conduct 1.1.

More importantly, however, Beattie's testimony convinces the Panel that he fails to genuinely comprehend the wrongfulness of his actions and behavior before this Court. Despite having the benefit of three years' time to reflect on his conduct, Beattie hesitates and falls short of acknowledging the outright dishonesty of his representations to Judge Smith. Beattie's inadequate understanding of the inappropriateness of his conduct gives the Panel considerable pause and raises serious doubts over Beattie's present ability to move forward without repeating the same kind of behavior. After all, the cornerstone of one's competence as an attorney is the ability to recognize and distinguish right from wrong or, in this case, a lie from the truth. Fundamentally, Beattie has not demonstrated by clear and convincing evidence that he presently has the professional competence and ability to uphold his duty of candor required for admission to practice law before this Court. See Va. R. Prof'l Conduct 1.1, 3.3.

It is clear to the Court that Beattie possesses the empathy and passion necessary to be an effective legal advocate. It is equally clear that Beattie has taken many steps toward self-betterment

since the time period in question. The threshold step on the path to rehabilitation, however, is undertaking to recognize and unequivocally admit one's errors and faults. Beattie has not done so to the satisfaction of the Panel.

### III. CONCLUSION

For the foregoing reasons, the Petition for Reinstatement will be DENIED. Pursuant to Federal Rule of Disciplinary Enforcement VII(G), Beattie may file a second petition with this Court in twelve (12) months, provided that no additional ethical concerns or disciplinary matters arise. In the interim, the Panel encourages Beattie to avail himself of any and all mentoring offered to him by experienced, competent, and capable members of the Bar, and to continue to be diligent in attending mental health treatment and maintaining his medication regimen.

An appropriate Order shall issue.

/s/
JAMES R. SPENCER
CHIEF UNITED STATES DISTRICT JUDGE

/s/
JAMES C. CACHERIS
SENIOR UNITED STATES DISTRICT JUDGE

/s/
JEROME B. FRIEDMAN
UNITED STATES DISTRICT JUDGE

ENTERED this  22nd  day of May 2006